SUMMARY ORDER
Appellants (collectively, “the Chiumento Group”), appeal from an order of the United States District Court for the Southern District of New York (Pauley, J.) appointing Appellees (collectively, “Local 649”) as lead plaintiffs in this securities class action litigation and appointing Appellees’ counsel, Bernstein Liebhard & Lifshitz, LLP, as lead counsel. As required by the Private Securities Litigation Reform Act of 1995 (the “PSLRA”), the District Court based its selection of lead plaintiff on its determination of “which member or members of the purported plaintiff class ... [were] most capable of adequately representing the interests of class members.” 15 U.S.C. § 78u-4(a)(8)(B)(i). Finding that Local 649 had a “significantly greater” financial interest in the relief sought than the Chiumento Group, the court concluded that Local 649 was presumptively the most adequate plaintiff under the PSLRA. Because Local 649 also satisfied Federal Rule of Civil Procedure 23(a)’s requirements that a class representative have “claims ... typical of the class” and be capable of “fairly and adequately protecting] the interests of the class,” the court deemed Local 649 as an adequate appointment as lead plaintiff. We assume the parties’ familiarity with the underlying facts, procedural history, and issues presented on appeal.
We review a district court’s appointment of a lead plaintiff for abuse of discretion. Hevesi v. Citigroup, Inc., 366 F.3d 70, 83 (2d Cir.2004). The PSLRA provides that a court should appoint as lead plaintiff “the member or members of the purported plaintiff class that [it] determines to be most capable of adequately representing the interests of the class members.” 15 U.S.C. § 78u-4(a)(3)(B)(i). The plaintiff with the “largest financial interest in the relief sought by the class” and who “otherwise satisfies the requirements of [Fed. R.Civ.P.] 23” is presumptively the most adequate plaintiff. Id. § 78u-4(a)(3)(B)(iii)(I). The Rule 23 requirements applicable here mandate that “the claims or defenses of the representative parties [be] typical of the claims or defenses of the class,” Fed.R.Civ.P. 23(a)(3) (the “typicality” requirement), and that “the representative parties ... fairly and adequately protect the interests of the class,” *300 Fed.R.Civ.P. 23(a)(4) (the “adequacy” requirement).
We are satisfied that Local 649 has established its significant financial interest in the outcome of this litigation. We are also satisfied that Local 649 meets the class requirements of Rule 23. For these reasons and those outlined in the district court’s opinion, we find no abuse of discretion in the court’s selection of lead plaintiff and lead counsel.
The order of the District Court is AFFIRMED.